**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WOODROW FLEMMING
                Plaintiff,

    v.
                                      No. 09-CV-1185
                                      (TJM/DRH)

DEBBIE KEMP; JEFFREY HYDE; GEORGE WATERSON; CORRECTIONAL OFFICER JOHN A. TATRO; CORRECTIONAL OFFICER DARRIN C. CARRIGEUX; CORRECTIONAL OFFICER TODD C. MANLEY; LEO PALMER; CORRECTIONAL OFFICER WAYNE I. PALMER; CORRECTIONAL OFFICER KEVIN EDDY; CORRECTIONAL OFFICER JERRY J. HERBERT; and TERRY JAMES,

                Defendants.

---

**APPEARANCES:**                       **OF COUNSEL:**

WOODROW FLEMMING
Plaintiff Pro Se
03-A-5259
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO           AARON M. BALDWIN, ESQ.
New York State Attorney General      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se Woodrow Flemming ("Flemming"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that various DOCS employees violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments.[2]  Second Am. Compl. (Docket No. 9).  Presently pending is defendants' motion[3] to dismiss pursuant to 28 U.S.C. § 1915(g).  Dkt No. 33.  Flemming opposes the motion.  Dkt. No. 34.  For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts are related herein in the light most favorable to Flemming as the non-moving party.  See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994).

Flemming proceeds in this action in forma pauperis ("IFP").  Dkt Nos. 3, 5.  Flemming's second amended complaint and subsequently filed motion papers were extremely difficult to decipher and were nearly illegible.[4]  Thus, from the Court's inspection and attempted construction of the allegations, it appears that all of the actions in dispute occurred while

---

[2] Flemming is familiar with the litigation process, having filed over forty federal cases in courts in the Second Circuit with nineteen of these being civil rights cases in the Northern District.  See U.S. Party/Case Index (visited Aug. 11, 2010) <http://pacer. uspci.uscourts. gov/cgi-bin/dquery.pl>.  Flemming's lawsuits all appear to relate to his incarceration in DOCS facilities

[3] The motion is made on behalf of all remaining defendants except Carrigeux, Eddy, and Herbert, who have never been served with process or otherwise appeared in this case. See Dkt. Nos. 13, 15.

[4] Flemming has been instructed by the undersigned, and many other judges in this district, that his papers need to be either typewritten or in legible handwriting.  See, e.g., Flemming v. Goord, No. 06-CV-562, 2007 WL 3036845, at *1 n.2 (citing cases) (Dkt. No. 33-9).

2

Flemming was incarcerated at Upstate Correctional Facility ("Upstate").

Flemming contends that on September 5, 2005, his Eighth Amendment rights were violated when defendants (1) used excessive force to enter and extract him from his cell, (2) were deliberately indifferent to his medical conditions when deciding to deploy chemical agents into the cell, (3) were deliberately indifferent to the serious medical needs he developed after the use of force, (4) failed to protect or intervene during the course of the excessive force, and (5) subjected him to unconstitutional conditions of confinement while in the special housing unit ("SHU")[5] by precluding him from having his medical machine, placing him on a restricted diet, and depriving him of regular contact with others and his personal effects.  Second Am. Compl. at 7-9, 12-15; see also Dkt. No. 9 at 21-26, 34-35, 37, 42-43, 47, 63, 71-75, 79-80, 85, 91, 93-94, 101-111 (exhibits allegedly pertaining to some, but not all, of the Eighth Amendment violations).  Flemming contends that defendants undertook these actions pursuant to a conspiracy, in retaliation for his proclivity to file grievances at the facility.  Second Am. Compl. at 8, 15; see also Dkt. No. 9 at 32-33, 44, 46, 48-50, 57-62, 64, 66, 68-70, 76-78, 81-84, 86-90, 92, 97-100 (exhibits showing some of the grievances filed),  Moreover, Flemming contends that during the use of force incident, his cell was searched in violation of his Fourth Amendment rights.  Second Am. Compl. at 7.[6]  Lastly, Flemming contends that (1) his removal from a medical unit to SHU

---

[5]SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (2007).  Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required.  Id. at pt. 301.

[6] While no previous mention was made of a First Amendment denial of access claim in the second amended complaint, Flemming did reference the allegedly illegal

violated his due process rights, (2) he was deprived of due process during disciplinary hearings, and (3) defendants illegally confiscated his property. Second Am. Compl. at 8-11.

## II. Discussion

Under 28 U.S.C. § 1915(g), prisoners are barred from proceeding IFP after three or more prior claims have been dismissed as frivolous, malicious, or for failing to state a claim.[7]  Frivolous claims "lack[] an arguable basis either in law or in fact." Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Malicious claims are those filed with the intent to hurt or harm another. Id. (citations omitted). The failure to state a claim applies a parallel definition from Fed. R. Civ. P. 12(b)(6), but "it does not follow that a complaint which falls afoul of the [12(b)(6) motion to dismiss] standard will invariably fall afoul of the [§ 1915(g) standard]." Neitzke, 490 U.S. at 326; see also Tafari, 473 F.3d at 442 (citations omitted).

This "three-strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (applying imminent danger exception "[w]hen a threat or prison condition is real

---

search in which documents were confiscated. These documents were identified, in a subsequent submission, as legal documents. As such, and pursuant to the instructions to liberally construe such complaints, the First Amendment violation has also been deemed pled in the amended complaint.

[7] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1995), which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

and proximate, and when the potential consequence is 'serious physical injury.'"). For the exception to apply, "the danger must exist at the time the complaint is filed . . . [since] Congress indicated that it wanted to include a safety valve . . . to prevent impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002). Thus, courts must find "a nexus between the imminent danger a three-strikes prisoner alleges . . . and the legal claims asserted in his complaint." Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009). In order to establish such a nexus, inmates must show that (1) the "imminent danger of serious physical injury . . . is fairly traceable to unlawful conduct asserted in the complaint and (2) . . . a favorable judicial outcome would redress that injury." Id. (emphasis in original).

Less than three years ago, Flemming's IFP status was revoked under § 1915(g) pursuant to a report-recommendation written by the undersigned. See Flemming v. Goord, No. 06-CV-562, 2007 WL 3036845 (N.D.N.Y. Oct. 16, 2007) (Dkt. No. 33-9). Moreover, Flemming's complaints have continued to be dismissed pursuant to § 1915(g) in this district for the past two years. See Flemming v. The State of New York, No. 09-CV-465 (NAM) (N.D.N.Y. June 8, 2009) (explaining that Flemming as been subject to the three-strike rule's enforcement on multiple occasions in this district) (citations omitted) (Dkt. No. 33-12); Flemming v. Fischer, No. 09-CV-5 (LEK) (N.D.N.Y. Jan. 20, 2009) (same) (citations omitted) (Dkt. No. 33-11); Flemming v. Goord, No. 06-CV-1244 (LEK) (N.D.N.Y. Jan. 15, 2008) (holding that Flemming "is well aware of the 'three-strikes' rule . . . [as he] has had [it] . . . enforced against him in this district.") (citations omitted) (Dkt. No. 33-10). As these decisions demonstrate, Flemming has previously had at least three cases dismissed as frivolous or failing to state a claim and was fully aware that he had "struck out" in the

Northern District. See also Flemming v. New York, No. 05-CV-406 (DNH), at 2-3 (N.D.N.Y. Oct. 25, 2005); Flemming v. New York, No. 06-CV-55 (DNH), at 2-3 (N.D.N.Y. Apr. 13, 2006); and Flemming v. Wright, No. 06-CV-86 (GLS)(GJD), at 2-3 (N.D.N.Y. Apr. 28, 2006).

Additionally, Flemming has failed specifically to plead facts sufficient to place him within the imminent danger exception provided by §1915(g), which is applicable "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'" Lewis, 279 F.3d at 531. Flemming proffers vague, general, and unspecified allegations of harm. See, e.g., Dkt. No. 38 at 2 ("Plaintiff['s] condition is unsafe and cruel and unusual punishment. Plaintiff is in constant fear of violence by defendants and other staff in retaliation and conspiracy, this put Flemming in imminent danger to plaintiff['s] well-being and without the opportunity to seek other promising future."). However, such allegations were contained in Flemming's additional submissions, and not within the complaint, where the court is instructed to look to determine whether an inmate has qualified for the imminent danger exception. See Avent v. Fisher, No. 07-CV-1135 (DNH/GHL), 2008 WL 5000041, at *3 (N.D.N.Y. Nov. 20, 2008) ("[W]hen determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint.") (citations omitted). The complaint was void of any such allegations. Therefore, Flemming failed to establish any plausible indication of imminent harm, especially considering the fact that the excessive force and medical treatment provided immediately thereafter, occurred four years prior to the filing of the amended complaint.

Even had these allegations been contained in the complaint, they would be insufficient to establish the imminent danger exception due to their lack of plausibility and specificity.

See Id., 2008 WL 5000041, at *5-6.  As explained in Avent,

> district courts outside of this Circuit have held that the mere fact that multiple physical assaults have occurred in the past does not, in and of itself, constitute an imminent danger on the date of filing . . . [U]nless the prospect of such a future assault is so specific and/or likely as to be deemed real, such an allegation will not suffice to allege an 'imminent danger' on the date of the filing.  This point of law is consistent with the rather well-established rule that the imminent danger claimed by the inmate must be real, and not merely speculative or hypothetical.

Id. (internal quotation marks and citations omitted) (emphasis in original).  Therefore, Flemming's contentions of constant fear of harm, without anything pointing to a specific threat of harm or identifiable danger to his health, are insufficient to establish a danger that is neither speculative nor hypothetical.

Moreover, the majority of Flemming's submissions do not address the imminent danger exception, as they primarily contain legal arguments about the substantive issues.  See Dkt. No. 34 (enclosing over seventy pages of exhibits and a memorandum of law outlining the legal claims and arguments surrounding the constitutional merits).  However, when the IFP argument is addressed outside of the vague sentence previously identified, Flemming contends that money should not be a motivating factor for dismissal, completely omitting any proffer of reasons why he is in imminent danger.  Dkt. No. 40 at 3-4 ("The money is not going to change the case, so whether if the money is not paid, it will be paid . . . Plaintiff ask for counsel pro bono and then the lawyer can pay for this case to move forward.").

Flemming's concerns that the imminent danger provision and IFP requirements would foreclose important cases are without merit.  The Second Circuit has already determined such arguments unavailing because the imminent danger exception "does not prevent prisoners from filing civil actions, it merely prohibits them from enjoying [IFP] status.  The

imminent danger exception, which permits . . . successive filings that would otherwise be barred, extends access to the courts rather than restricts it." Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007).  Accordingly, Flemming is not foreclosed from bringing the case if he provides the filing fee or if he had specifically pled imminent danger, an exception to which his contentions have failed to conform.

Furthermore, dismissal is not precluded by the fact that Flemming has already been granted IFP status in this action.  When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g).  See McFadden, 16 F. Supp. 2d at 247.  Therefore, it is recommended that (1) the order granting IFP status to Flemming (Dkt. No. 5) be vacated, and (2) Flemming's complaint be conditionally dismissed unless he pays the filing fee of $350.00 within thirty (30) days of the entry of a final order by the district court.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 33) be **GRANTED** and that:

1. Flemming's IFP status be **REVOKED**; and

2. This action be **DISMISSED** as to all claims and all defendants unless Flemming pays the filing fee of $350.00 within thirty (30) days of the entry of a final order by the district court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen

(14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 19, 2010
       Albany, New York

_David R. Homer_
United States Magistrate Judge