**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**_____**

**WOODROW FLEMMING,**

                                        **Plaintiff,**

        **v.**                                                                      **No. 09-CV-1185**
                                                                                          **(TJM/DRH)**

**DEBBIE KEMP; JEFFREY HYDE; GEORGE**
**WATERSON; CORRECTIONAL OFFICER**
**JOHN A. TATRO; CORRECTIONAL**
**OFFICER DARRIN C. CARRIGEUX;**
**CORRECTIONAL OFFICER TODD C.**
**MANLEY; LEO PALMER; CORRECTIONAL**
**OFFICER WAYNE I. PALMER;**
**CORRECTIONAL OFFICER KEVIN EDDY;**
**CORRECTIONAL OFFICER JERRY J.**
**HERBERT; and TERRY JAMES,**

                                        **Defendants.**


**_____**

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                                        **DECISION & ORDER**

**I.      INTRODUCTION**

        This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court

to the Hon. David R. Homer, United States Magistrate Judge, for a Report-

Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).

Defendants moved to dismiss the action under the "three strikes" provisions of 28 U.S.C. §

1915(g).  Magistrate Judge Homer recommended that the motion be granted and that (1)

Flemming's *in forma pauperis* ("IFP") status be revoked and (2) that the action be

1

dismissed as to all claims and all defendants unless Flemming pays the filing fee of $350.00 within thirty (30) days of the entry of a final order by the district court.  08/19/10 Rep. Rec & Ord., p. 9.  Plaintiff filed objections to the Report-Recommendation and Order.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  <u>See</u> 28 U.S.C. § 636(b)(1)(C).   General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. <u>Farid v. Bouey</u>, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); <u>see</u> <u>Frankel v. N.Y.C.</u>, 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).[1]  After reviewing the Report-Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

---

[1] The Southern District wrote in <u>Frankel</u>:

The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.  <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir.1997).  When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error.  <u>See</u> <u>Pearson-Fraser v. Bell Atl.</u>, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); <u>Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan</u>, 806 F.Supp. 380, 382 (W.D.N.Y.1992).  Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review."  <u>Vega v. Artuz</u>, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

2009 WL 465645, at *2.

III.    **DISCUSSION**

a.    **Report and Recommendation**

As explained by Magistrate Judge Homer, under 28 U.S.C. § 1915(g), prisoners are barred from proceeding *in forma pauperis* ("IFP") after three or more prior claims have been dismissed as frivolous, malicious, or for failing to state a claim.  Flemming has filed over forty federal cases in courts in the Second Circuit relating to his incarceration in DOCS facilities and has accumulated more than "three strikes" under the provision of § 1915(g).  In addition, Flemming's IFP status has been previously revoked in the Northern District of New York under § 1915(g). See Flemming v. Goord, No. 06-CV-562, 2007 WL 3036845 (N.D.N.Y. Oct. 16, 2007) (Dkt. No. 33-9).  Thus, Flemming would appear to be barred from proceeding IFP in the instant matter.  However,

> [the] "three-strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see also Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.  2002) (applying imminent danger exception "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'").  For the exception to apply, "the danger must exist at the time the complaint is filed . . . [since] Congress indicated that it wanted to include a safety valve . . . to prevent impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002). Thus, courts must find "a nexus between the imminent danger a three-strikes prisoner alleges . . . and the legal claims asserted in his complaint." Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009). In order to establish such a nexus, inmates must show that (1) the "imminent danger of serious physical injury . . . is fairly traceable to unlawful conduct asserted in the complaint and (2) . . . a favorable judicial outcome would redress that injury." Id. (emphasis in original).

Rep. Rec. & Ord. pp. 4-5.

Addressing this exception, Magistrate Judge Homer found that Flemming failed to

plead facts sufficient to place him within the imminent danger exception provided by §1915(g), and instead, in opposition to the motion, proffered vague, general, and unspecified allegations of harm.  Because the allegations were not contained in the Second Amended Complaint, they were insufficient to serve as a predicate for the exception.  See Rep. Rec. & Ord. pp. 6-7 (citing, inter alia,  Avent v. Fisher, No. 07-CV-1135 (DNH/GHL), 2008 WL 5000041, at *3 (N.D.N.Y. Nov. 20, 2008) ("[W]hen determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the nonconclusory allegations in the plaintiff's complaint.")).  Further, Magistrate Judge Homer opined that, even had the allegations been contained in the Second Amended Complaint, they would have been "insufficient to establish the imminent danger exception due to their lack of plausibility and specificity." Id.

The Court agrees with Magistrate Judge Homer's analysis.  In objecting to the Report, Recommendation and Order, Plaintiff offers (in addition to approximately 70 pages of material irrelevant to the question on whether there exists a basis to apply the §1915(g) exception) more of the same allegations lacking plausibility and specificity.  Therefore, for the reasons articulated by Magistrate Judge Homer, the Court adopts the Report-Recommendation and Order in its entirety.

**b.      Preliminary Injection Applications**

Plaintiff has also filed three applications for injunctive relief.  The Court will address each *seriatim.*

**1.      Preliminary Injunction Standard**

Ordinarily, "a party seeking a  preliminary injunction [must] show (a) irreparable

4

harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." <u>Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.</u>, 598 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks omitted). However, when a party seeks an injunction that will alter rather than maintain the status quo, the party must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits." <u>Doninger v. Niehoff</u>, 527 F.3d 41, 47 (2d Cir. 2008).

### 2.    Return of Legal Paper Work [dkt. # 43]

In Plaintiff's first application, he seeks an injunction requiring Department Of Correctional Services employees to return his legal paper work that, he asserts, was improperly taken from his cell. Dkt. # 43.   Defendants oppose the motion acknowledging that papers were taken from Plaintiff's cell because he was improperly using the papers to cover the lights in his cell (thereby obstructing visibility into his cell despite having been counseled and warned against such activity previously), but asserting that all papers have been returned. Rock Aff.   Plaintiff replied, asserting that documents were not returned.

Plaintiff's unsworn statements do not establish that his legal paper work has not been returned,[2] and he does not legally establish entitlement to the sought after injunction. <u>See</u> <u>Lewis v. Johnston</u>, 2010 WL 1268024, * 2, No. 08-cv-482 (TJM/ATB) (N.D.N.Y. April 1, 2010)(plaintiff's unsworn and entirely conclusory submission does not constitute the

---

[2]Given the large volume of documents that Plaintiff submitted in objecting to the Report, Recommendation and Order, it appears that Plaintiff has possession of a large amount of his legal paper work if not all of it.

type of proof or evidence that is required to support an application for preliminary injunctive relief).  The motion is denied for lack of evidence that would establish a likelihood of success on the merits and because, on the admissible evidence, the motion is moot.

### 3.      Attempts to Take Legal Paper Work [dkt. # 46]

In a second letter motion for injunctive relief, Plaintiff asserts that he "is being threatened by co-worker co-conspiracy and they [are] trying to take the rest of my legal work." Dkt. #  46,  p. 1.  Defendants rely on their papers submitted in opposition to the earlier application and again contend that Plaintiff's unsworn statement is insufficient to support the relief sought and that all paper work has been returned.  The motion is denied for lack of evidence that would establish a likelihood of success on the merits.

### 4.      Third Letter Application [dkt. # 48]

In a third letter application, Plaintiff claims that DOCS' personnel decreased his pain medication to two times per day, stopped his physical therapy, attempted to take and/or disturb (mix-up and tear apart) his legal paper work, and engaged in a litany of other actions which Plaintiff asserts were wrongful and, in some cases, in violation of DOCS' directives.  Although Plaintiff asserts in the beginning of the document that he seeks "and [*sic*] injunction," he asserts in the conclusion of the letter that he "is entitled to video, medical investigation, photos" of some type of "fall and injury" that purportedly occurred at Downstate Correctional Facility on July 2, 2010, and from a purported "use of force July 16, 2010 at the Upstate Correctional Facility."

There is no indication that Plaintiff field an administrative grievance concerning any

of the issues raised in the letter application and, at least with regard to the claims made in the conclusion, the complained of actions appear to have occurred after the instant action was filed.  Because it appears that Plaintiff has not exhausted his administrative remedies, the claims asserted in the letter application [dkt. # 48] are not properly before the Court. Therefore, the application for what appears to be discovery of evidence of the asserted conduct is denied.

**III.    CONCLUSION**

For the reason set forth above, Defendants' motion to dismiss [**Dkt. No. 33**] is **GRANTED** and

1. Flemming's IFP status is **REVOKED**; and

2. This action is **DISMISSED** as to all claims and all defendants unless Flemming pays the filing fee of $350.00 within thirty (30) days of the date of this Decision and Order. There will be no further order dismissing the action if the filing fee is not paid.

Further, Plaintiff's applications for preliminary injunctions [**dkt. nos. 43, 46, & 48**] are **DENIED.**


**IT IS SO ORDERED.**

Dated:   September 15, 2010

Thomas J. McAvoy
Senior, U.S. District Judge

7