UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WOODROW FLEMMING,

         **Plaintiff,**

 v.                 No. 09-CV-1185

DEBBIE KEMP; JEFFREY HYDE; GEORGE
WATERSON; CORRECTIONAL OFFICER
JOHN A. TATRO; CORRECTIONAL
OFFICER DARRIN C. CARRIGEUX;
CORRECTIONAL OFFICER TODD C.
MANLEY; LEO PALMER; CORRECTIONAL
OFFICER WAYNE I. PALMER;
CORRECTIONAL OFFICER KEVIN EDDY;
CORRECTIONAL OFFICER JERRY J.
HERBERT; and TERRY JAMES,

         **Defendants.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

# DECISION & ORDER

## I. INTRODUCTION

   This pro se action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. David R. Homer, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). In his August 30, 2012 Report-Recommendation and Order, Magistrate Judge Homer recommended that (1) Defendants' motion for summary judgment (Dkt. No. 178) be granted as to all moving defendants and all claims; (2) Flemming's cross-motion for

1

summary judgment (Dkt. No. 183) be denied; and (3) the Second Amended Complaint be dismissed without prejudice as to Defendant Eddy.[1]

Plaintiff has filed nearly illegible objections to the Report-Recommendation and Order. (Dkt. No. 203).

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).  "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).  By the same reasoning, a party may not advance new theories that were not presented to the magistrate judge in an attempt to obtain this second bite at the apple. See Calderon v. Wheeler, 2009 WL 2252241, at *1, n. 1 (N.D.N.Y. July 28, 2009); Green v. City of New York, 2010 WL 148128, at * 4 (E.D.N.Y. Jan. 14, 2010)("[N]ew claims . . . presented in the form of, or

---

[1] As Magistrate Judge Homer noted, the motion is made on behalf of all remaining defendants except Eddy, who has never been served with process or otherwise appeared in this case. See Dkt. Nos. 13, 15, 58 (at p.3), 170 (at p.7). Magistrate Judge Homer recommended that this action be dismissed without prejudice as to Eddy in accordance with Fed. R. Civ. P. 4(m) (requiring completion of service upon a defendant within 120 days).

along with, 'objections . . .' should be dismissed.")(citations omitted).

    As Judge Suddaby noted in Calderon:

> On *de novo* review, "[t]he judge may ... receive further evidence ...." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. See, e.g ., Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

Calderon, 2009 WL 2252241, at *1, n. 1.

    General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.  Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).  After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

    With this standard in mind, and after having reviewed Plaintiff's objections, the Court determines to adopt the recommendations for the reasons stated in Magistrate Judge Homer's thorough report.  Plaintiff has attempted to reargue the positions he took before Magistrate Judge Homer and attempted to fill the gaps in his argument, but he has not pointed to specific erroneous determinations by Judge Homer and the Court finds

3

none. To the extent that Plaintiff argues that he should have been appointed counsel before Magistrate Judge Homer reviewed the motion for summary judgment, the argument is without merit.  Plaintiff, a pro se litigant in numerous cases before the courts of the Second Circuit, has demonstrated the threshold ability in this case to articulate his claims and to argue his positions to the Court, has not demonstrated an inability to investigate the crucial facts of his claims, and, for the reasons articulated by Magistrate Judge Homer and adopted herein, has not presented a meritorious action.  Under these circumstances, appointment of counsel was not and is not warranted. See Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir.1994); see also Flemming v. Wurzberger, 2010 WL 3199620, at *2 - *3 (N.D.N.Y. July, 15, 2010)(denying Plaintiff appointment of counsel); Flemming v. Wurzberger, 2006 WL 1285627, at *3 (W.D.N.Y. May 10, 2006)(denying Plaintiff's motion for appointment of counsel as moot after the court granted defendant's motion for summary judgment).

**IV.   CONCLUSION**

For the reasons discussed above, the Court adopts Magistrate Judge Homer's August 30, 2012 Report-Recommendation and Order in its entirety.  Therefore,

(1) Defendants' motion for summary judgment (Dkt. No. 178) is **GRANTED** as to all moving defendants and all claims;

(2) Flemming's cross-motion for summary judgment (Dkt. No. 183) is **DENIED**; and

(3) the Second Amended Complaint is **DISMISSED** without prejudice as to Defendant Eddy and with prejudice as to all other Defendants.

**IT IS SO ORDERED**

**Dated:**September 17, 2012

Thomas J. McAvoy
Senior, U.S. District Judge